Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85018
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Christina J. Wagner,<br><br>        Plaintiff,<br><br>vs.<br><br>Frimmel Management, LLC d/b/a Uncle Sam's and Bret Frimmel,<br><br>        Defendants, | No. _____<br><br>**COMPLAINT**<br><br>**(Demand for Jury Trial)** |

COMES NOW Plaintiff, Christina J. Wagner ("Plaintiff"), individually, by and through the undersigned attorney and sues the Defendants, Frimmel Management, LLC d/b/a Uncle Sam's and Bret Frimmel (collectively "Defendants") and she alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. See 29

-1-

U.S.C. § 206(a). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m). The FLSA further recognizes that, under certain circumstances, an employee may be engaged in "dual jobs," during which an employer may only impose a tip credit on an employee's wages for time spent working while engaged in a tip-producing occupation, or a non-tipped occupation under circumstances in which a tipped employee must perform non-tipped labor in excess of 20 percent of his or her regular workweek. See 29 U.S.C. § 203(m). See also 29 C.F.R. § 531.56(e), Department of Labor Field Operations Handbook § 30d00(e).

3.    The Arizona Wage Act, and Arizona Revised Statutes ("ARS") § 23-363, establishes a minimum wage within the State of Arizona. ARS § 23-363 recognizes that, under certain circumstances, employers may impose a tip credit of the wages of their tipped employees of up to $3.00 per hour. See ARS § 23-363(c).

**JURISDICTION AND VENUE**

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

6. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Defendant Uncle Sam's was a limited liability company duly licensed to transact business in the State of Arizona. Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. At all relevant times, Plaintiff was an employee of Defendants. At all relevant times, Defendants, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. In any event, at all relevant times, Defendants were employers subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

9. At all relevant times, Defendant Bret Frimmel owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Frimmel Management, LLC. At all relevant times, Defendant Bret Frimmel had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the

-3-

rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Frimmel Management, LLC. In any event, at all relevant times, Defendant Bret Frimmel was an employer subject to the FLSA and employed Plaintiff.

10. Upon information and belief, Defendant Bret Frimmel was and continues to be a resident of Maricopa County, Arizona.

11. Jane Doe Frimmel is the fictitious name for Defendant Bret Frimmel's spouse. When her true name has been ascertained, this Complaint shall be amended accordingly. Bret Frimmel and Jane Doe Frimmel have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

12. At all relevant times, Plaintiff was an "employee" of Frimmel Management, LLC and Bret Frimmel as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

13. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Frimel Management, LLC and Bret Frimmel.

14. At all relevant times, Frimmel Management, LLC and Bret Frimmel were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

15. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

**NATURE OF THE CLAIM**

17. Defendants own and/or operates as Frimmel Management, LLC d/b/a Uncle Sam's, an enterprise located in Maricopa County, Arizona.

-4-

18. Plaintiff was hired by Defendants as a tipped employee as defined by the FLSA, 29 U.S.C. § 201, *et seq.*, to work as a server, and Plaintiff worked for Defendants between approximately September 1, 2013 and January 31, 2014, when Plaintiff left her employment with Defendants.

19. Rather than pay their tipped employees the applicable minimum wage, for the time Plaintiff was paid as a tipped employee, Defendants imposed a tip credit upon Plaintiff at below the applicable minimum wage.

20. As a result of Defendants' imposition of a tip credit, Plaintiff was forced to perform work at an hourly rate that was less than the applicable minimum wage.

21. Defendants engaged in the regular practice of requiring Plaintiff to perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweek and non-tipped labor unrelated to her tipped occupation over the course of her regular workweeks.

22. Examples of non-tipped labor related to Plaintiff's tipped occupation that exceeded 20% of Plaintiff's regular workweek, include, but are not limited to: preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, rolling silverware, cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, taking out trash, scrubbing walls, sweeping floors, restocking to-go supplies, cleaning booths, cleaning ramekins, sweeping, mopping, restocking all stations, washing dishes, and breaking down and cleaning the expo line.

23. Examples of non-tipped labor unrelated to Plaintiff's tipped occupation that Plaintiff performed during her regular workweeks, include, but are not limited to:

-5-

preparatory and workplace maintenance tasks such as taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, breaking down and cleaning the expo line, restocking restrooms, and cleaning toilets, urinals, and restroom floors.

24.   As a result of Defendant's willful requirement that Plaintiff perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweeks and non-tipped labor unrelated to her tipped occupation over the course of her regular workweeks, Defendants paid Plaintiff less than the overall minimum wage for such work that Plaintiff performed for Defendants, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage.

25.   In both policy and practice, Defendants regularly and consistently required Plaintiff to perform the above-listed non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of Plaintiff's regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiff had few to no customers to serve; before serving her first customer; and after being "cut" from serving customers.

26.   In both policy and practice, Defendants regularly and consistently required Plaintiff to perform the above-listed non-tipped labor unrelated to her tipped occupation during the course of Plaintiff's regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiff had few to no customers to serve; before serving her first customer; and after being "cut" from serving customers.

27. As a result of Defendants' requirement that Plaintiff perform such non-tipped labor related to her tipped occupation, and in excess of twenty percent (20%) of her regular workweek, while earning the reduced tip credit rate, Plaintiff was engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiff included, but was not limited to, spending more than part of her time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendants were prohibited from taking the tip credit for the hours Plaintiff spent working in a non-tipped occupation. Plaintiff is, therefore, entitled, under 29 C.F.R. § 531.56(a) and 29 U.S.C. § 216(b), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendants paid Plaintiff less than the overall minimum wage for the work Plaintiff performed during her regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

28. As a result of Defendants' requirement that Plaintiff perform such non-tipped labor unrelated to her tipped occupation, while earning the reduced tip credit rate, Plaintiff was engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiff included, but was not limited to, spending more than part of her time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendants were prohibited from taking the tip credit for the hours Plaintiff spent working in her non-tipped occupation. Plaintiff is, therefore, entitled, under 29 C.F.R. § 531.56(a), to the overall

minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendants paid Plaintiff less than the overall minimum wage for the work Plaintiff performed during her regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

29.     As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

30.     Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

31.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff the full applicable minimum wage for time spent performing non-tipped labor related to her tipped occupation in excess of 20% of her regular workweeks, and non-tipped labor unrelated to her tipped occupation over the course of her regular workweeks.

32.     In a given workweek, and during each and every workweek for which Plaintiff worked for Defendants as a tipped employee, Defendants required Plaintiff to perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweek and non-tipped labor unrelated to her tipped occupation over the course of her regular workweek. Defendants paid Plaintiff less than the overall minimum wage for such work that Plaintiff performed for Defendants, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage, in willful violation of 29

U.S.C. § 206(a). Defendants required Plaintiff to perform non-tipped labor related to her tipped occupation in excess of 20% of her regular workweeks and non-tipped labor unrelated to her tipped occupation each and every workweek during which she worked for Defendants.

33. For example, during workweek of October 14, 2013, Defendants required Plaintiff to perform, and Plaintiff did perform, non-tipped labor related to her tipped occupation in excess of 20 percent of her regular workweek, despite being compensated less than the full applicable minimum wage for such time. Such conduct by Defendants violated 29 U.S.C. § 206(a).

34. For example, during workweek of October 14, 2013, Defendants required Plaintiff to perform, and Plaintiff did perform, non-tipped labor unrelated to her tipped occupation during her regular workweek, despite being compensated less than the full applicable minimum wage for such time. Such conduct by Defendants violated 29 U.S.C. § 206(a).

35. Plaintiff believes and therefore avers that Defendants owe her similar wages for each and every workweek during which she worked for Defendants for the entire duration of her employment. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

36. Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff to work. As such,

Defendants' records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

37. Pursuant to the FLSA, 29 U.S.C. § 203(m), and Arizona wage and hour law, employers may impose a tip credit on their tipped employees' wages of up $3.00 per hour, on the condition that, among other requirements, such employees have been informed by the employer of the provisions of 29 U.S.C. § 203(m).

38. Defendants failed to inform Plaintiff of the provisions of 29 U.S.C. § 203(m) at any time over the duration of their employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiff's wages, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiff for all time Plaintiff worked during the course of her regular 40-hour workweeks.

39. As such, full minimum wage for such time is owed to Plaintiff for the entire time she was employed by Defendants.

40. Additionally, Defendants also engaged in the regular and consistent practice of requiring its tipped employees, including Plaintiff, to reimburse Defendants for broken dishes, unpaid checks, customer walk-outs, register shortages, and other similar issues.

41. Such deductions from Plaintiff's paychecks were improper and brought Plaintiff's regular rate of pay below the applicable minimum wage for the workweeks during which Defendants caused such amounts to be improperly deducted from Plaintiff's tips and/or paycheck, in violation of 29 U.S.C. § 206(a).

42. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

43. Plaintiff was a non-exempt employee.

44. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

45. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

46. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## NON-TIPPED LABOR RELATED TO TIPPED WORK IN EXCESS OF 20%

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendants intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff in a given workweek, and during each and every workweek Plaintiff was employed by Defendants, to perform non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of her regular 40-hour workweek, while paying Plaintiff at the tip credit rate.

49. Defendants intentionally failed and/or refused to pay Plaintiff the full applicable minimum wage according to the provisions of the FLSA for time she spent performing non-tipped labor related to her tipped occupation in excess of twenty percent

-11-

(20%) of a given workweek, for each and every workweek that Plaintiff was employed by Defendants, in violation of 29 U.S.C. § 206(a).

50. As such, full applicable minimum wage for such time Plaintiff performed non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of her regular workweek is owed to Plaintiff for each and every workweek she was employed by Defendants.

51. Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

52. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Christina J. Wagner, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Frimmel Management, LLC and Bret Frimmel for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## NON-TIPPED LABOR UNRELATED TO TIPPED WORK

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff in a given workweek, and during each and every workweek Plaintiff was employed by Defendants, to perform non-tipped labor unrelated to her tipped occupation over the course of her regular 40-hour workweek, while paying Plaintiff at the tip credit rate.

55. Defendants intentionally failed and/or refused to pay Plaintiff the full applicable minimum wage according to the provisions of the FLSA for time she spent performing non-tipped labor unrelated to her tipped occupation over the course of a given workweek, for each and every workweek that Plaintiff was employed by Defendants, in violation of 29 U.S.C. § 206(a).

56. As such, full applicable minimum wage for such time Plaintiff performed non-tipped labor unrelated to her tipped occupation over the course of her regular workweek is owed to Plaintiff for each and every workweek she was employed by Defendants.

57. Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during

Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

58.     Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Christina J. Wagner, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Frimmel Management, LLC and Bret Frimmel for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: FAIR LABOR STANDARDS ACT
### FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFF

59.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60.     Defendants intentionally failed and/or refused to inform Plaintiff of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

61.     Defendants intentionally failed and/or refused to pay Plaintiff the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff worked for Defendants, for the duration of her employment, in violation of 29 U.S.C. § 206(a).

62.     As such, full applicable minimum wage for such time Plaintiff worked is owed to Plaintiff for the entire time she was employed by Defendants.

-14-

63. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

64. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Christina J. Wagner, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Frimmel Management, LLC and Bret Frimmel for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FOUR: FAIR LABOR STANDARDS ACT
### IMPROPER REQUIRED REIMBURSEMENT

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants also engaged in the regular and consistent practice of requiring its tipped employees, including Plaintiff, to reimburse Defendants for broken dishes, unpaid checks, customer walk-outs, register shortages, and other similar issues.

67. Such deductions from Plaintiff's paychecks were improper and brought Plaintiff's regular rate of pay below the applicable minimum wage for the workweeks during

-15-

which Defendants caused such amounts to be improperly deducted from Plaintiff's tips and/or paycheck, in violation of 29 U.S.C. § 206(a).

68. As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for all hours worked, Defendants violated the FLSA.

69. As such, full minimum wage is owed for all amounts that Defendants improperly deducted from Plaintiff's wages and/or tips.

70. Defendants knew that – or acted with reckless disregard as to whether – its requirement that Plaintiff reimburse Defendants for breakage, walkouts, shortages, etc., would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

71. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to or greater than minimum wage for all time Plaintiff spent working for Defendants.

72. Plaintiff is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Christina J. Wagner, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Frimmel Management, LLC and Bret Frimmel for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable

attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 24th day of October, 2015.

               THE BENDAU LAW FIRM, PLLC

               By: /s/ *Clifford P. Bendau, II*
               Clifford P. Bendau, II
               *Attorney for Plaintiff*