**GORDON REES SCULLY MANSUKHANI, LLP**
Leon B. Silver (AZ Bar No. 012884)
Kami M. Hoskins (AZ Bar No. 026271)
Two North Central Avenue, Ste. 2200
Phoenix, AZ 85004
Telephone: (602) 794-2468
Fax: (602) 265-4716
E-mail: lsilver@grsm.com
          khoskins@gsrm.com
*Attorneys for Defendants*

**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina J. Wagner,<br><br>         Plaintiff,<br><br>vs.<br><br>Frimmel Management LLC, *et al.*,<br><br>         Defendants. | No. 2:15-cv-02138-SMM<br><br>**JOINT MOTION TO FILE JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT UNDER SEAL** |

The parties jointly move pursuant to LRCiv 5.6 for an order authorizing them to file under seal the *Joint Motion for Approval of FLSA Settlement* (the "Approval Motion"). The parties support the Motion with the following Memorandum of Points and Authorities and all matters of record, which are incorporated herein by reference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION.**

On October 24, 2015, Plaintiff Christina Wagner ("Plaintiff") filed the above-captioned case against defendants Frimmel Management, LLC and Bret Frimmel

1  (collectively, "Defendants").  Plaintiff filed her First Amended Complaint on January 5, 2016 [Doc. No. 11].  Plaintiff alleges claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. for alleged minimum wage violations.

The Court dismissed two of Plaintiff's claims, and stayed the litigation pending the outcome of the Ninth Circuit's decision in the appeals consolidated under *Marsh v. J. Alexander's LLC*, No. 15-15791.  The Ninth Circuit issued its opinion in *Marsh*, and the United States Department of Labor subsequently issued revised guidance related to its interpretation of the law relied upon by the Ninth Circuit.

The parties settled their dispute and notified the Court.  As a term of their settlement, the parties agreed to keep the settlement confidential.  The Court entered an Order on March 7, 2019 ordering the parties to file a motion to approve their settlement agreement [Doc. No. 27].  Accordingly, the parties seek to file the joint motion to approve the settlement under seal.

**II.    LEGAL AUTHORITY.**

The parties seek authorization to file the Approval Motion under seal.  Under LRCiv 5.6(b), the Court may order the sealing of a document pursuant to a motion, stipulation, or the Court's own motion.  In the Ninth Circuit, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure."  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).

In this case, confidentiality is a material term of the parties' agreement, and the parties have agreed their settlement should be filed under seal.  Additionally, Defendants dispute they violated the law, but given the evolving state of the law, they believe settlement is the reasonable resolution to the parties' dispute.  Maintaining the confidentiality of the agreement, however, is critical to Defendants so as not to invite future unsubstantiated claims by former or current employees based on an unresolved and ever-

2

evolving area of the law.

The parties believe the benefits of settlement outweigh the risks and costs associated with litigating the lawsuit to trial and potential additional appeals. The parties also believe resolving the case without additional litigation outweighs the public's interest in the parties' settlement. For these reasons, the parties' request that the Court preserve confidentiality of their settlement agreement and authorize them to file the Approval Motion under seal.

## III.    CONCLUSION.

The parties respectfully request the Court enter an Order: (i) granting Motion; (ii) authorizing them to file the Approval Motion under seal; and (iii) granting the parties such other and further relief as is just and proper under the facts and circumstances. Contemporaneous with this Motion, the parties will lodge the Approval Motion with the Court pursuant to LRCiv 5.6(c).

RESPECTFULLY SUBMITTED this 12th day of April, 2019.

GORDON REES SCULLY MANSUKHANI LLP

/s/ Kami M. Hoskins
Leon B. Silver
Kami M. Hoskins
*Attorneys for Defendants*


BENDAU & BENDAU PLLC

/s/ Clifford P. Bendau, II (with permission)
Clifford P. Bendau, II
*Attorney for Plaintiffs*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clifford P. Bendau, II
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85018
cliffordbendau@bendaulaw.com
*Attorney for Plaintiff*


/s/ Kimberly Davison